UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NO: 3:02CV428 (JBA)

)
BRUNO CUBA-DIAZ,                    )
Plaintiff,                         )
                                   )
v.                                 )
                                   )
TOWN OF WINDHAM, ET. AL.,          )
Defendants.                        )
                                   )                    NOVEMBER 13, 2003

### PLAINTIFF'S REVISED OBJECTIONS TO
### DEFENDANT'S EXHIBIT LIST, WITNESS LIST AND JURY INSTRUCTIONS
### AND
### PLAINTIFF'S REVISED RESPONSE TO DEFENDANT'S OBJECTIONS

1.    **PLAINTIFF'S REVISED OBJECTIONS TO DEFENDANT'S EXHIBIT LIST**

Plaintiff hereby revises his objections to the following

exhibits.  For all other exhibits, Plaintiff hereby adopts the

objections (or waiver of objections) contained in Plaintiff's

Objections to Defendant's Exhibit & Witness Lists Dated September

15, 2003.

1.1   **Documents Received From New Jersey Division of Parole**

Plaintiff objects to this exhibit on the grounds set forth

in Plaintiff's Objections to Defendant's Exhibit & Witness Lists

Dated September 15, 2003.  In addition, because Defendant has

advised that Defendant's witness, Stanley Mochnacz, has died, and

because it appears that Mr. Mochnacz is the only person who

possessed the personal knowledge necessary to authenticate and

otherwise lay the foundation for the admissibility of this

exhibit, this exhibit should be excluded on authentication and

hearsay grounds.

## 1.2 **Waiver of Extradition**

Plaintiff objects to the admission of this exhibit on relevance grounds.  As the Court and the Parties discussed at the Pretrial Conference, there is nothing in this exhibit that has "any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." See F.R.E. 401.

If the Court overrules the above objection, then Plaintiff moves for an order requiring that the exhibit be redacted to exclude the provision relating to waiver, which this Court has already declared void as against public policy.  Plaintiff seeks this redaction to ensure that the jury, of its own accord, does not decide that it will take it upon itself to enforce the waiver.

## 1.3 **Court Transcript from February 16, 2001; Court Transcript from March 15, 2001; and Court Transcript from February 16, 2001**

Plaintiff objects to the admission of these exhibits on relevance grounds.  As the Court and Parties discussed at the Pretrial Conference, there is nothing in these exhibits that has "any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." See F.R.E. 401.

### 1.4 Criminal Information Prepared By Court Personnel

Plaintiff objects to the admission of this exhibit on relevance grounds. As the Court and Parties discussed at the Pretrial Conference, there is nothing in this exhibit that has "any tendency to make the existence of any fact of consequence to the determination of the action more probable or less probable than it would be without the evidence." See F.R.E. 401.

If the Court overrules the above objection, then Plaintiff moves for an order requiring that the exhibit be redacted to exclude the provision stating that "PROBABLE CAUSE FOR ARREST FOUND," in that the jury may erroneously conclude that said provision prevents said jury from finding that Officer Coriaty lacked probable cause to arrest Plaintiff on the fugitive from justice charge.

### 2. PLAINTIFF'S REVISED OBJECTIONS TO DEFENDANT'S WITNESS LIST

Plaintiff hereby revises his objections to the following witnesses. For all other witnesses, Plaintiff hereby adopts the objections (or waiver of objections) contained in Plaintiff's Objections to Defendant's Exhibit & Witness Lists Dated September 15, 2003.

### 2.1 Stanley Mochnacz

Plaintiff is advised that this witness died. If Defendant designates another witness to take this witness' place, Plaintiff will object unless said other witness has personal knowledge of

the facts about which he/she will be testifying.  Otherwise, said

other witness' testimony should be excluded on hearsay grounds.

### 2.2  Mark Stabile

Plaintiff objects to this witness on relevance grounds.  As

the Court and the Parties discussed at the Pretrial Conference,

this witness' proposed testimony does not have "any tendency to

make the existence of any fact of consequence to the

determination of the action more probable or less probable than

it would be without the evidence." See F.R.E. 401.

## 3.    PLAINTIFF'S OBJECTIONS TO DEFENDANT'S JURY INSTRUCTIONS

### 3.1  General Objection

Plaintiff objects to Defendant's Jury Instructions because

they do not contain adequate citation to authority.  For example,

while the first 2.5 pages of Defendant's Jury Instructions contain

dozens of "statements of law," they only contain one citation to

authority, to wit, "[s]ee generally, Malley v. Briggs [and]

Saucier v. Katz[.]"  Moreover, very few of said "statements of

law" are actually supported by said citation to authority.  For

example, Defendant's Jury Instruction at 1 contains the following

"statement of law":  "In order to find that a defendant violated

the plaintiff's civil rights in this case, you must find that

defendant acted intentionally and that his intentional acts

violated the plaintiff's rights."  However, that "statement of

law" cannot be found in either Malley or Saucier.  Indeed, as

noted in Plaintiff's Jury Instructions at 2-3, the question is not whether Defendant actions were intentional or negligent but, rather, whether the Defendant's actions were reasonable or unreasonable.  See Graham v. Connor, 490 U.S. 386, 397 (1989) (Forth Amendment claims are analyzed under a "reasonableness" standard, where "the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation").  This inadequate citation to authority has made it very difficult for Plaintiff to formulate his response to Defendant's Jury Instructions.

3.2 **Specific Objections**

A.   Plaintiff objects the entire second paragraph of Defendant's Jury Instructions, Section I(1)(B) on the grounds set forth above.

B.   Plaintiff objects to that part of Defendant's Jury Instructions, Section (I)(1)(B)(1) which states that "probable cause is not a mere hunch, surmise or conjecture," because this statement might cause the jury to come to the erroneous conclusion that "if we find that Defendant had more than just a 'hunch', then we must find the existence of probable cause."

C.   Plaintiff objects to the entire "collective

Page 5 of  8

knowledge doctrine" of Defendant's Jury

Instructions, Section I(1)(B)(1) because there is

no evidence that, at the time of Officer Coriaty's

arrest decision, any officer of the Willimantic

Police Department possessed knowledge that would

have given Officer Coriaty probable cause to

arrest Plaintiff.

D.    Plaintiff objects to that part of Defendant's Jury

Instructions, Section I(1)(B)(1) which states that

"[i]f the police have probable cause to arrest one

party, and when they reasonably mistake a second

party for the first, then the arrest of the second

party is a valid arrest" because Defendant's

citations to authority do not support said

statement, and because Plaintiff is not aware of

any case that supports said statement.

E.    Plaintiff objects to Defendant's repeated

statements that an officer need only have a

"reasonable" basis for believing that probable

cause exists on the ground that the law provides

that the officer must have an "objectively

reasonable" basis for believing same.   Graham v.

Connor, 490 U.S. 386, 397 (1989).

F.   Plaintiff objects to that part of Defendant's Jury
Instructions, Section IV which states that
"qualified immunity ... protects .... officers
from liability unless they are plainly incompetent
or knowingly violate[] the law" on the ground that
Plaintiff is aware of no case that holds that, to
prevail against a qualified immunity defense,
plaintiff must prove that defendant is "plainly
incompetent."

G.   Plaintiff objects to Defendant's Jury
Instructions, Section VI to the extent that they
imply that C.G.S. 52-557n(b)(5) provides any
immunity whatsoever with respect to Plaintiff's
constitutional claim.

4.   **PLAINTIFF'S REVISED RESPONSE TO DEFENDANT'S OBJECTIONS**

As of this date, Defendant still has not provided Plaintiff
with objections which contain the required "authorities in
support of the objection."   In this regard, see Plaintiff's
Motion (And Incorporated Memorandum of Law) to Strike
Defendant's Objections to Plaintiff's_Witness and Exhibit Lists
Dated September 15, 2003.   Plaintiff is therefore still unable to
appropriately respond to Defendant's objections.

Page 7 of 8

Respectfully submitted,

**Plaintiff,**
**By his attorney**:
Darren G. Waggoner, FBN CT25014
Sabilia, DeSantis & Waggoner, LLC
247 Shaw Street
New London, CT 06320
860.444.0144

Dated: November 13, 2003

## CERTIFICATE OF SERVICE

    I hereby certify that a true copy of the above document was served by ~~FedEx~~ mail on November 13, 2003 to:

Frank K. Szilagyi, Esq. and
Josephine A. Spinella, Esq.
Silvester & Daly
72 Russ Street
Hartford, CT 06106

Darren G. Waggoner